FILED & ENTERED

MAY 01 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:11-bk-53724-PC |
| EVA VOONG, | Adversary No. 2:12-ap-01135-PC |
| Debtor. | Chapter 7 |
| BMW FINANCIAL SERVICES N.A., LLC, service provider for FINANCIAL SERVICES VEHICLE TRUST, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| Plaintiff, | |
| v. | Date: April 24, 2013 |
| EVA VOONG, | Time: 9:00 a.m. |
| Defendant. | Place: United States Bankruptcy Court<br>Courtroom # 1468<br>255 East Temple Street<br>Los Angeles, CA  90012 |

At the above captioned date and time, this action came on for trial before the court. Appearances were stated on the record. The evidentiary record having closed and the issues having been duly tried, the court makes the following findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a), as incorporated into FRBP 7052:

FINDINGS OF FACT

1. On or about November 14, 2008, an individual by the name of Chi Ho executed and delivered to Chapman Scottsdale Autoplex, a Motor Vehicle Lease Agreement (hereinafter "Lease Agreement") for the lease of certain personal property described as a 2008 BMW X6 XDR50I motor vehicle, VIN#5UXFG83528LZ92128 ("the Vehicle").

2. The Lease Agreement provides for monthly lease payments of $1,457.83 for a period of 36 months beginning November 14, 2008 and thereafter on the 14th day of every month until the lease matured on November 14, 2011.

3. Thereafter, the Lease Agreement was assigned to Plaintiff BMW Financial Services NA, LLC, service provider for Financial Services Vehicle Trust by Chapman Scottsdale Autoplex.

4. Under paragraph 21 of the Lease Agreement, Lessor agrees not to "allow an uninsured person to operate the Vehicle at any time, or allow any third party, other than [the Lessor's] spouse, to operate the Vehicle without written permission from [the Lessee] . . . . "

5. Under paragraph 5 of the Lease Agreement, Lessor agrees "to immediately notify [Lessee] if the Vehicle is damaged or destroyed in an accident, stolen, abandoned, or taken by a police or governmental agency."

6. On or about April 30, 2009, Chi Ho and Defendant executed and delivered to Plaintiff a Lease Transfer Agreement ("Assumption Agreement") transferring Chi Ho's interest in the Vehicle to Defendant. Per the Assumption Agreement, Plaintiff consented to the transfer of Chi Ho's interest in the Vehicle to Defendant on May 5, 2009.

7. Defendant never registered the Vehicle. Exhibit 2 is a copy of a duplicate Arizona Certificate of Title to the Vehicle dated January 11, 2010, which refers to a previous certificate of title to the Vehicle issued on December 2, 2008. Title to the Vehicle is in the name of Chi Ho, as Lessor, and Financial Services Vehicle Trust, as Lessee.

8. Defendant did not receive a certificate of title from Plaintiff. There is no evidence that title to the Vehicle was ever issued in the name of Defendant, as Lessor, after the date of the Assumption Agreement.

9. Plaintiff received monthly lease payments on the Vehicle from November 24, 2008 to July 31, 2009, according to Exhibit 4. The last payment that Plaintiff received from Defendant was on July 31, 2009.

10. Defendant asserts that the Vehicle was stolen in May of 2009.

11. Defendant never reported to Plaintiff that the Vehicle was stolen.

12. Defendant testified that she went to the police station in Walnut, California to file a police report in May 2009, but ultimately a police report was not taken. According to Defendant's testimony, the officer did not consider the Vehicle stolen or lost at the time because she had lent the Vehicle to someone. Defendant could not testify as to the date of the attempted report nor the identity of the police officer or other individual to whom she spoke regarding the report. Defendant could not provide any documentation to substantiate her testimony regarding her attempt to file a police report.

13. Plaintiff has made efforts to locate and recover the Vehicle but has not been able to find it.

14. Defendant testified that in February or March 2009, Ben Ly, a friend, introduced her to Nguyen Thai Huy ("Nguyen"), who worked at New World Exchange Inc., d/b/a New World Auto Trade, 1801 Katella Avenue, # 7, Anaheim, California. Nguyen introduced Defendant to Chin Ho and assisted Defendant in securing an assumption of the Lease Agreement under which Chin Ho was leasing the Vehicle.

15. Defendant testified that Nguyen asked to use the Vehicle in May 2009 after his car "broke down," and she loaned the Vehicle to him trusting that he would return it the next day.

16. Defendant testified that when Nguyen did not return the Vehicle, she "called him and left messages but did not hear back." According to the deposition attached to her declaration, Defendant called Nguyen for "[a] few months," but "after [she] couldn't reach him, [she] reported it to the police." Deposition of Eva Voong, 29:12-13.

17. Defendant testified that she contacted Ben Ly for assistance, but that Ben Ly could not locate Nguyen or the Vehicle after several attempts at Nguyen's office and home addresses.

18. Defendant did not report the Vehicle lost or stolen to State Farm Insurance, the insurance company that issued the insurance policy on the Vehicle. Defendant cancelled her insurance policy on the Vehicle on August 22, 2009.

19. Defendant testified that she did not renew her insurance on the Vehicle in August 2009 because she "thought [she] did not need the insurance because [she] did not have the Vehicle anymore."

20. On September 2, 2011, Defendant advised a repossession agent for Plaintiff that Nguyen had borrowed the Vehicle and Defendant never saw Nguyen or the Vehicle again.

21. Defendant has a high school education. Defendant speaks little English. Cantonese is Defendant's primary language. Defendant worked as a waitress at the Walnut Tree restaurant at the time of her deposition.

22. Defendant has no criminal history.

23. Defendant testified that she did not know she was required to report the Vehicle lost or stolen under the Lease Agreement.

24. Defendant testified that when she stopped receiving statements from Plaintiff in September 2009, she "thought [Plaintiff] might have found the car and everything was taken care of."

25. As of November 14, 2011, the maturity date of the Lease Agreement, Defendant defaulted by failing to either pay off the Vehicle or return possession of the Vehicle to Plaintiff.

26. Plaintiff has been required to hire an attorney to collect and enforce the obligations under the Lease Agreement and Assumption Agreement, and to commence and pursue this proceeding. Plaintiff has incurred attorney's fees, costs and expenses attempting to collect and enforce the obligations under the Lease, including commencement and pursuit of this proceeding.

27. Defendant currently owes Plaintiff a balance on the Lease Agreement of $67,184.12 plus interest, collection fees, attorney's fees and costs.

28. The retail value of the Vehicle was $56,975 as of January 4, 2012.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a). Plaintiff and Defendant have consented to the entry of a final judgment by this court.

2. Section 523(a)(6) of the Code excepts from discharge debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

3. A "deliberate or intentional injury" is required before § 523(a)(6) will render a debt nondischargeable. See Kawaaukau v. Geiger, 523 U.S. 57, 61 (1998) (stating that nondischargeability under § 523(a)(6) "takes a deliberate or intentional _injury_, not merely a deliberate or intentional _act_ that leads to injury").

4. Section 523(a)(6) requires separate findings on the issues of "willful" and "malicious." Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002).

5. The "willful" injury requirement of § 523(a)(6) is met "when it is shown either that the debtor had a subjective motive to inflict injury _or_ that the debtor believed that injury was substantially certain to occur as a result of his conduct." Id., at 1144 (quoting Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir.), cert. denied, 533 U.S. 930 (2001)).

6. A "malicious injury" involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Id. at 1146-47 (quoting Jercich, 238 F.3d at 1209).

7. Objections to the dischargeability of a debt are literally and strictly construed against the objector and liberally construed in favor of the debtor. See Quarre v. Saylor (In re Saylor), 108 F.3d 219, 221 (9th Cir. 1997); In re Adeeb, 787 F.2d 1339, 1342 (9th Cir. 1986).

8. Debts that arise solely from recklessly inflicted injuries do not fall within the scope of § 523(a)(6). See Geiger, 523 U.S. at 64.

9. A subjective standard is applied to "substantial certainty" under § 523(a)(6), not the objective standard applied to "reckless disregard." See Su, 290 F.3d. at 1145-46. See also Conte v. Gautam, 33 F.3d 303, 307 (3d Cir. 1994) (holding that knowledge of a high probability of harm, though amounting to "recklessness," does not amount to a "substantial certainty" under § 523(a)(6)).

10. The Plaintiff has not established a "willful" injury.

11. Although Plaintiff has established a debt in the amount of $67,184.12 and injury as a result of the Defendant's transfer of possession of the Vehicle to Nguyen, Plaintiff has failed to establish by a preponderance of the evidence that Defendant had a subjective motive to injure the Plaintiff at the time she loaned the Vehicle to Nguyen or that Defendant believed with substantially certainty that Plaintiff would be injured as a result of loaning the Vehicle to Nguyen.

12. The Plaintiff has not established a "malicious injury."

13. Defendant intended to loan the Vehicle to Nguyen, and Defendant's loan of the Vehicle to Nguyen may have been wrongful in that it violated paragraph 21 of the Lease Agreement. However, Plaintiff has failed to establish by a preponderance of the evidence that Defendant's loan of the Vehicle to Nguyen would necessarily cause injury to Plaintiff.

14. Defendant presented some evidence of just cause or excuse. Nguyen was the person who arranged the Assumption Agreement between Defendant, Chin Ho and Plaintiff. Defendant loaned the Vehicle to Nguyen, at Nguyen's request, believing that Nguyen's car had "broke[n] down" and that Nguyen would return the Vehicle the following day. Defendant continued to make payments under the Assumption Agreement until July 31, 2009.

////
////
////
////
////

15. Given the Ninth Circuit's policy that objections to dischargeability of debt are strictly construed against the objector and liberally construed in favor of the debtor, the Plaintiff has not established by a preponderance of the evidence that the $67,184.12 debt owing by Defendant to Plaintiff is nondischargeable under § 523(a)(6).

###

Date: May 1, 2013

Peter H. Carroll
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **Findings of Fact and Conclusions of Law** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 05-1-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Michael Y Lo    michaellolaw@yahoo.com, bklolaw@gmail.com
- Tom Roddy Normandin    tnormandin@pnbd.com, nwong@pnbd.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page